**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Amir Atoof,

Petitioner,

v.

Pamela Bondi, *et al.*,

Respondents.

No. CV-26-01463-PHX-JJT

**ORDER**

Before the Court is the Report and Recommendation (Doc. 12, "R&R") entered by United States Magistrate Judge Deborah M. Fine recommending that the Court deny the Petition for habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1, "Petition".) Petitioner Amir Atoof timely filed Objections to the R&R (Doc. 13) and the Court has evaluated the Petition, Response (Doc. 10), R&R and Objections thereto, as well as the current caselaw.

Petitioner is a citizen of Iran who presented himself at a United States port of entry on February 23, 2025 and was there detained by ICE. (Doc. 10 at 2.) He has remained detained these last 20 months pursuant to 8 U.S.C. § 1225(b)(1). Petitioner acknowledges "there is no dispute that he is an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)." (Doc. 1 at 7.) But he argues in his Petition that even persons detained as arriving aliens subject to Section 1225(b)'s mandatory detention are entitled to due process rights under the Constitution, to include avoidance of unreasonably prolonged detention. (Doc. 1 at 7.)

Over the past 16 months, federal courts in this circuit and others have repeatedly been asked to address the question of whether persons present in the United States have a Due Process right to a release hearing under the Constitution regardless of admission status, and regardless of whether they were detained pursuant to the mandatory detention scheme of Section 1225(b) or otherwise. Because the Ninth Circuit had not definitively spoken on this question in many circumstances, the trial courts did their best to predict the answer. Many district courts in this circuit, through their own reasoning and at times in reliance on out-of-circuit orders found to be persuasive on the point, concluded that such a constitutional right to due process exists for many classifications of inadmissible aliens present in the United States. Indeed, the undersigned had previously so found in a habeas matter presenting related circumstances. *Zhu v. Noem*, No. CV 26-01734-PHX-JJT, 2026 WL 2029970 (D. Ariz. July 14, 2026). Intervening guidance from the Ninth Circuit has changed the landscape for analysis of this issue, however.

The Ninth Circuit's recent opinion in *Padilla v. United States Immigration and Customs Enforcement et al.*, No. 24-2801, ___ F.4th ___, 2026 WL 2822044 (9th Cir., September 21, 2026),[1] appears to foreclose the specific argument Petitioner makes here regarding persons such as Petitioner, who were apprehended and detained at a port of entry, and who were therefore "on the threshold of entry when detained, having a Constitutional Due Process right to review of detention." Although the question before the Ninth Circuit in *Padilla* was broader than the one Petitioner presents here, its holding necessarily encompasses the resolution of the instant Petition. In *Padilla*, the circuit court addressed on interlocutory appeal whether a class of asylum seekers who were all initially screened for expedited removal upon apprehension were subject to mandatory detention under Section 1225(b) with no opportunity for bond hearings, or whether they possessed a Fifth Amendment Due Process right to such hearing. The Court held that:

---

[1] The Court notes the mandate has not yet issued for this advance opinion, which thus lacks precedential value at present. The court nonetheless finds the panel's reasoning highly persuasive as to the instant issue.

> *except for the extremely narrow category of people covered by the entry fiction*, every person in the United States is entitled to the Fifth Amendment's guarantee of due process, regardless of their citizenship or legal status.

*Padilla*, 2026 WL 2822044 at *37-38 (emphasis added). The holding in *Padilla* meant that a very large number of persons "not legally admitted" to the United States, to include those who were not apprehended at "the threshold of entry," were recognized as possessing the Due Process rights to a bond hearing under the Constitution. *Id*. But the holding also necessarily defined those apprehended on the threshold of entry—that "extremely narrow category of people covered by the entry fiction":

> Today, the entry fiction encompasses *those apprehended at or very near a point of entry and then* either paroled into the United States or *detained in the United States pending a determination of their admissibility*. Such individuals are "treated as if stopped at the border" with respect to certain legal rights. . . . Because such individuals remain "on the threshold of initial entry" despite their physical presence in the United States, their due process rights regarding admission are limited to "whatever the procedure authorized by Congress is."

Id. at *31 (*quoting Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953) (emphasis added)). The "extremely narrow category of people covered by the entry fiction," and thus outside of the Constitutional Due Process protection here at issue, includes Petitioner, who concedes he was "apprehended at [] a port of entry" and then "detained in the United States pending a determination of [his] admissibility." Pursuant to *Padilla*, Petitioner's status an arriving alien subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) affords him no constitutional due process rights to a bond hearing, but only those rights conferred by statute. Petitioner thus may be detained pending resolution of his removal proceedings. The Court must deny the Petition.

**IT IS THEREFORE ORDERED** adopting the R&R in this matter (Doc. 12) in light of the Ninth Circuit's issuance of *Padilla*.

. . .

**IT IS FURTHER ORDERED** denying the Petition for habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Respondents and close this case.

Dated this 5th day of October, 2026.

Honorable John J. Tuchi
United States District Judge